JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
KAYLA LEVAY

**DEFENDANTS**
ANIMAL CARE & CONTROL TEAM OF PHILADELPHIA d/b/a EVERYDAY ADOPTION CENTER

**(b)** County of Residence of First Listed Plaintiff: **PHILADELPHIA**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **PHILADELPHIA**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Mark D. Laderman, Esquire/Kamensky Cohen & Riechelson/194 South Broad Street, Trenton, New Jersey 08608

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** / ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☒ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C 12101
Brief description of cause:
AMERICAN WITH DIABILITIES ACT

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ 
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 06/14/2018
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a)  **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
  (b)  **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
  (c)  **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.  **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III.  **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.  **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V.  **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI.  **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

VII.  **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.  **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __468 MINERVA STREET, PHILADELPHIA, PA__

Address of Defendant: __111 W. HUNTING PARK AVENUE, PHILADELPHIA, PA__

Place of Accident, Incident or Transaction: __111 W. HUNTING PARK AVENUE, PHILADELPHIA, PA__

---

*RELATED CASE, IF ANY:*

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __06/14/2018__    _/s/ Mark␣␣␣␣_    __201153__
         *Attorney-at-Law / Pro Se Plaintiff*              *Attorney I.D. # (if applicable)*

---

CIVIL: (Place a √ in one category only)

A. *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☑ 11. All other Federal Question Cases
      (Please specify): __ADA__

B. *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury (Please specify): _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
      (Please specify): _____

---

ARBITRATION CERTIFICATION
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Mark Laderman__, counsel of record or pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☑ Relief other than monetary damages is sought.

DATE: __06/14/2018__    _/s/ Mark␣␣␣␣_    __201153__
         *Attorney-at-Law / Pro Se Plaintiff*              *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Kayla Levay : CIVIL ACTION
v. :
Animal Care & Control Team :
of Philadelphia d/b/a : NO.
Everyday Adoption Center :

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                         ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                            ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (✓)

6/14/18                  Mark D. ___            Kayla Levay
**Date**                 **Attorney-at-law**    **Attorney for**
609-394-8585             609-394-8620           mladerman@kcrlawfirm.com
**Telephone**            **FAX Number**         **E-Mail Address**

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KAYLA LEVAY,<br><br>Plaintiff,<br><br>vs.<br><br>ANIMAL CARE & CONTROL TEAM OF PHILADELPHIA d/b/a EVERYDAY ADOPTION CENTER.<br><br>Defendant. | CIVIL ACTION NO.:<br><br>JURY TRIAL DEMAND<br><br>COMPLAINT |

Plaintiff, Kayla LeVay, residing at 468 Minerva St. Philadelphia, Pennsylvania by way of complaint, says:

## JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1343(3), and 1343(4).

2. The jurisdiction of this Court is also specifically invoked under the provisions of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101 et seq.

3. Plaintiff commenced this action within ninety days after receipt of his Right to Sue Letter on March 28, 2018 from the Equal Employment Opportunity Commission. A copy of the Right to Sue Letter is attached as Exhibit A.

4. The Court has jurisdiction under 28 U.S.C. § 1367 through the principles of pendent jurisdiction for state law claims, namely the Pennsylvania Human Relations Act (PHRA), 43 P.S.§§ 951 *et seq* and such other common law claims.

5. The venue of this Court is proper pursuant to 28 U.S.C. § 1391(b) and (c).

## PARTIES

6. Plaintiff, Kayla LeVay, is an individual citizen of the Commonwealth of Pennsylvania residing at 468 Minerva St. Philadelphia, Pennsylvania. At all relevant times hereto, Plaintiff was an "employee" of Defendant as such term is defined in the ADA and the PHRA.

7. Defendant, Animal Care & Control Team of Philadelphia d/b/a Everyday Adoption Center, is a business operating at all relevant times in the Commonwealth of Pennsylvania operating at 2100 Chemical Road Plymouth Meeting, Pennsylvania 19128. Upon information and belief, the primary place of business for Defendant is 111 W. Hunting Park Avenue Philadelphia, Pennsylvania 19140. Defendant, Animal Care & Control Team of Philadelphia d/b/a Everyday Adoption Center, is a "covered entity" within the meaning of § 101(2) of the ADA, 42 U.S.C. §§ 12111(2), in that it is engaged in an industry affecting commerce and it has had at least fifteen employees for each working day in each of twenty or more calendar weeks in the current or preceding year. Further, it is an "employer" under 43 P.S. § 954(b) in that it employs four or more persons within the Commonwealth of Pennsylvania.

8. Defendant employed Plaintiff in this judicial district.

## FACTS

9. Plaintiff belongs to a protected class because she is a "qualified individual with a disability" under the ADA, 42 U.S.C. §§ 12111(8) and a person with a "disability" under the PHRA, as she has anxiety and acute panic disorder.

10. Plaintiff began her employment with Defendant on or about September 1, 2015.

11. At all times relevant herein and throughout the course of her employment, Plaintiff performed her duties in a satisfactory manner.

12. Plaintiff requested reasonable accommodations for her disability from Mary Rodriquez, Manager, Caroline Fitzgerald, Supervisor of Offsite Adoptions, Nate Murray, Manager, and E. Guthrie Conyngham, Manager.

13. Defendant denied Plaintiff's request for reasonable accommodations and refused to provide reasonable accommodations.

14. On several other occasions, Plaintiff had requested days off for medical reasons and was told by Mary Rodriquez, Manager, that Plaintiff had to find someone to cover her shift.

15. Similarly situated employees, who are not disabled, have requested days off and did not need to find someone to cover their shift.

16. The material functions of Plaintiff's job could be performed adequately with such reasonable accommodations.

17. In or about November 2016, Defendant offered Plaintiff a full-time position as an Adoption Counselor, but the position was rescinded.

18. Defendant told Plaintiff that the position was no longer hers because she doesn't communicate well.

19. The rescission of the position came after Plaintiff requested reasonable accommodations for her disability.

20. Upon information and belief, a non-disabled person was hired for the position.

21. On December 26, 2016, Defendant unlawfully terminated Plaintiff's employment.

22. Plaintiff filed a complaint with the Equal Employment Opportunity Commission and concurrently filed with the Pennsylvania Human Relations Commission regarding her termination.

23. Plaintiff remains under a physician's care as a result of her disability.

24. Defendants and their agents by their discrimination have caused Plaintiff lost pay and benefits, physical injury, mental anguish, embarrassment and humiliation.

## COUNT I (VIOLATION OF THE ADA)

25. Plaintiff incorporates paragraphs 1-24 as if fully rewritten herein.

26. By and through the course of conduct described herein, Defendant has engaged in unlawful employment practices in violation of the ADA §§ 102(a), 102(b)(1), and 102(b)(5)(B), 42 U.S.C. §§ 12112(a), 12112(b)(1), and 12112(b)(5)(b). These practices include without limitation, refusing to provide Plaintiff with reasonable accommodations for her disability, retaliating against her for seeking reasonable accommodations, and terminating her employment as a result of her disability and/or perceived disability.

27. These unlawful practices were intentional on the part of Defendant and its management.

28. These practices have caused Plaintiff to be discharged and suffer damages including, but not limited to, lost wages and benefits, back pay, front pay, past and future benefits, loss of earning capacity, humiliation, damage to reputation, physical injury, emotional distress, and inability to enjoy life's pleasures and activities.

29. These practices have further caused Plaintiff a deprivation of equal employment opportunities and otherwise adversely affected Plaintiff because of her disability.

30. As a further result of the acts of Defendant, Plaintiff has incurred substantial damages and costs and will be obligated to incur such expenses in the future.

**WHEREFORE,** Plaintiff, Kayla LeVay, respectfully requests all relief that is just and equitable, including, but not limited to an Order declaring that Defendant has violated the Americans with Disabilities Act and requiring them to take appropriate action to end discrimination in the workplace; reinstatement; compensatory damages for loss of wages and fringe benefits, front pay, back pay, future benefits and loss of earning capacity; damages for emotional and physical distress, damage to reputation, as well as pain and humiliation; punitive damages; counsel fees, costs, and interest.

### COUNT II (VIOLATION OF THE PHRA)

31. Plaintiff incorporates paragraphs 1-30 as if fully rewritten herein.

32. By and through the course of conduct described herein, Defendants violated 43 P.S.§§ 951 *et seq.* by refusing to provide Plaintiff with reasonable accommodations for her disability, retaliating against her for seeking reasonable accommodations, and terminating her employment as a result of her disability and/or perceived disability.

33. These unlawful practices were intentional on the part of Defendant and its management.

34. These practices have caused Plaintiff to be discharged and suffer damages including, but not limited to, lost wages and benefits, back pay, front pay, past and future benefits, loss of earning capacity, humiliation, damage to reputation, physical injury, emotional distress, and inability to enjoy life's pleasures and activities.

35. These practices have further caused Plaintiff a deprivation of equal employment opportunities and otherwise adversely affected Plaintiff because of her disability.

36. As a further result of the acts of Defendant, Plaintiff has incurred substantial damages and costs and will be obligated to incur such expenses in the future.

**WHEREFORE,** Plaintiff, Kayla LeVay, respectfully requests all relief that is just and equitable, including, but not limited to an Order declaring that Defendant has violated the Pennsylvania Human Relations Act and requiring them to take appropriate action to end discrimination in the workplace; reinstatement; compensatory damages for loss of wages and fringe benefits, front pay, back pay, future benefits and loss of earning capacity; damages for emotional and physical distress, damage to reputation, as well as pain and humiliation; counsel fees, costs, and interest.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as to all issues.

                              Law Offices of
                              **KAMENSKY ♦ COHEN & RIECHELSON**

                BY: _/s/ Mark D. Laderman_
                              MARK D. LADERMAN, ESQUIRE
                              194 South Broad Street
                              Trenton, New Jersey 08608
Dated: June 7, 2018             (609) 394-8585

# Exhibit A

Case 2:18-cv-02589-CMR   Document 1   Filed 06/20/18   Page 11 of 12

EEOC Form 161-B (11/16)     U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Kayla L. Levay<br>468 Minerva St<br>Phila, PA 19128 | From: | Philadelphia District Office<br>801 Market Street    LAW OFFICES OF KC&R<br>Suite 1300<br>Philadelphia, PA 19107    APR 0 2 2018<br>RECEIVED |

[ ]   *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative<br>Legal Unit,<br>Legal Technician | Telephone No. |
|---|---|---|
| 530-2017-01220 | | (215) 440-2828 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X]   More than 180 days have passed since the filing of this charge.

[ ]   Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X]   The EEOC is terminating its processing of this charge.

[ ]   The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ]   The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ]   The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*[signature]*     3/28/18

Enclosures(s)     Jamie R. Williamson,<br>District Director     (Date Mailed)

cc:

Animal Care & Control Team of Philadelphia
Mark D. Laderman, Esq. (for Charging Party)
Vincent Medley, Executive Director
(for Respondent)